1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ROBERT DAVID REES (CABN 229441)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California  94102-3495
       Telephone: (415) 436-7303
7      FAX: (415) 436-7234
       david.countryman@usdoj.gov
8
   Attorneys for United States of America
9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

   UNITED STATES OF AMERICA,          )   CASE NO.
14                                     )
            Plaintiff,                 )
15                                     )   COMPLAINT FOR FORFEITURE
         v.                            )
16                                     )
   APPROXIMATELY $96,000.00            )
17                                     )
            Defendant.                 )
18                                     )
                                       )
19  _____ )

20                       NATURE OF THE ACTION

21       1.      This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(6), involving the

22  seizure of approximately  $96,000.00  in United States Currency which was seized as money and property

23  furnished or intended to be furnished by a person in exchange for a controlled  substance, or money

24  traceable to such an exchange, or money used or intended to be used to facilitate a violation  Subchapter

25  1, Chapter 13 of Title 21, United States Code.  Additionally,  the money was seized as money and

26  property relating to a conspiracy to launder money in violation  of Title 18, United States Code, Section

27  1956(h).

28       //

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), and 21 U.S.C. § 881(a)(6).

3.      Venue is proper because the defendant currency was seized in the Northern District of California.  28 U.S.C. §§ 1355(b) and 1395.

4.      Intra-district venue is proper in the San Francisco Division within the Northern District of California.

**PARTIES**

5.      Plaintiff is the United States of America.

6.      The defendant is approximately $96,000.00 in United States currency ("defendant $96,000.00"), seized from Peter RIVERA at the San Francisco Airport on or about August 17, 2020.

**FACTS**

7.      On August 17, 2020 at approximately 6:08 A.M., D.E.A. San Francisco Task Force 2 (TF-2) Agents were contacted by TFO Maria Rodriguez from DEA JFK regarding a suspicious traveler flying from JFK, NY to San Francisco, CA.  According to TFO Rodriguez, she was contacted by TSA JFK regarding information relating to a suspicious Delta traveler in the name of Peter RIVERA who was traveling with a large amount of United States Currency ("U.S.C.").  TSA located a large amount of U.S.C. during a secondary search hidden inside RIVERA's checked-in luggage.

8.      According to TFO Rodriguez, the suspicious traveler was aboard Delta flight #610 that originated from JFK, NY and destined for San Francisco, CA.  Task Force Agents learned that RIVERA was scheduled to arrive in San Francisco on that flight at approximately 11:04 A.M. on August 17, 2020 at gate D11.  TFO Ariana Daggett later learned that RIVERA booked his ticket on August 16, 2020 and paid $1,180.66 for a one way trip.  RIVERA was in seat 2A and had a checked-in bag bearing tag number DL394319.  TFO Daggett conducted a criminal computer query of RIVERA which revealed two DUI related arrests in 2016 and 2017.  RIVERA's criminal record described him as 5'11", 200 lbs, with red hair.

9.      On August 17, 2020, at approximately 11:04 A.M, TF-2 agents established surveillance at Delta baggage claim 4, anticipating the arrival of RIVERA.  At approximately 11:06 A.M., a male

matching his description, carrying a Fendi shoulder bag, began to walk towards baggage claim 4, with an unidentified female. At approximately 11:10 A.M., RIVERA removed two pieces of luggage from the baggage claim, one hard-shelled teal suitcase and one hard-shelled green suitcase. RIVERA and the unidentified female waited at the baggage claim area and the unidentified female left the area before being identified.

10. TFO Daggett approached RIVERA and said, "Peter." RIVERA stopped and acknowledged. TFO Daggett and TFO Steve Maes identified themselves to RIVERA as law enforcement officers with their issued identification. TFO Daggett asked RIVERA, "Can I talk to you?" RIVERA stated, "Yes." TFO Daggett, in a conversational tone of voice, advised RIVERA that he wasn't under arrest and was free to go. TFO Daggett and TFO Maes immediately smelled the strong odor of marijuana while speaking to RIVERA. TFO Daggett asked RIVERA if he was in San Francisco for business or pleasure. RIVERA told TFO Daggett he was there for work. TFO Daggett asked RIVERA, "Can I see your driver license?" RIVERA told TFO Daggett his driver's license was with the unidentified female. TFO Daggett advised RIVERA that she worked for the Drug Enforcement Administration ("DEA") and that they look for drugs coming through the airport. TFO Daggett asked if she and TFO Maes could search his bags to make sure there was no illegal narcotics inside it. RIVERA said "yes" and released the handles of the suitcases and placed the Fendi bag on the floor. TFO Daggett asked if any of the suitcases contained any marijuana due to the strong odor emanating from the suitcases and RIVERA said, "No."

11. TFO Maes began to search the hard shelled green suitcase (bag tag DL394319) and located a smaller soft blue suitcase inside. TFO Maes removed the smaller soft blue suitcase and opened it to search. TFO Maes located two large vacuum storage bags. TFO Daggett asked why RIVERA had a suitcase inside a suitcase with numerous large vacuum storage bags. RIVERA told TFO Daggett it was for shopping. One large storage bag contained clothes and the other storage bag contained a blue sleeping bag. TFO Maes opened the sleeping bag and numerous rubber band bundles of U.S.C. fell to the floor. TFO Daggett asked RIVERA how much money he was carrying. RIVERA refused to answer and became very defensive. TFO Maes located a total of 30 bundles of U.S.C. from inside the sleeping bag. Also inside the suitcase was a new box of large storage bags inside the zipper pocket. TFO Maes began to search the Fendi shoulder bag and located one more rubber band bundle of U.S.C. TFO Victor

1   Bertolozzi searched the teal suitcase with negative results.

2       12.     TFO Daggett asked RIVERA, "How much do you have?"  RIVERA refused to provide

3   answers to numerous questions.  RIVERA became agitated and kept talking without providing any

4   information regarding the U.S.C. that had been located.  TFO Daggett asked again what he was going to

5   do with all the U.S.C. and RIVERA said he was going to shop and take it back home inside the suitcase.

6       13.     TFO Daggett asked RIVERA when he purchased his airline ticket and he said

7   "yesterday."  TFO Daggett asked RIVERA if he had a return ticket and he stated he did not have one, but

8   planned on staying for a week.  RIVERA then continued to say he planned on moving to California and

9   that's why he had the suitcases and vacuum bags.

10      14.     TFO Daggett asked RIVERA what he does for work and RIVERA told TFO Daggett he

11  works as an Artist Developer (A&R) for "53rd West Productions."  No information was provided for

12  "53rd West Productions" and no results after a Google search of that name.  RIVERA said he has worked

13  for them for approximately 1-2 years making $60,000.00 a year as a freelancer.  TFO Daggett asked

14  RIVERA to provide any bank transactions regarding the U.S.C. that had been found and RIVERA told

15  TFO Daggett he does not trust banks or anyone else with his money.  RIVERA stated he keeps his money

16  at his house.  However during the conversation with RIVERA, he stated he sold shoes for "Flight Club"

17  and they deposit money in a bank account of his.

18      15.     TFO Daggett told RIVERA that the U.S.C. located was going to be detained as suspected

19  drug proceeds pending further investigation.  The U.S.C. detained was sealed into DEA evidence bag

20  #EM000434866 by TFO Daggett and TFO Maes as witnessed by RIVERA.  RIVERA signed the DEA

21  SSEE #EM000434866 as the owner/possessor of the U.S.C. detained in this investigation.  TFO

22  Maes took (12) photographs relating to this investigation.  The consensual interview and search of

23  RIVERA was completed at approximately 11:30 A.M.  TFO Maes maintained complete care and custody

24  of the U.S.C. detained in this investigation as witnessed by TFO Daggett.  TFO Maes transported the

25  U.S.C. detained from RIVERA during this investigation back to TF#2, as witnessed by TFO Daggett.

26      16.     Earlier that same day, at approximately 8:00 A.M., TFO Bertolozzi had his certified

27  narcotics canine "Cooper" conduct a search of the area in terminal #3 where the suspected drug proceeds

28  would be later placed for examination.  This search was conducted and TFO Bertolozzi advised TFO

COMPLAINT FOR FORFEITURE

1    Daggett that his canine did not alert to the odor of narcotics in that area. At approximately 11:38

2    A.M., TFO Maes placed the DEA SSEE #EM000434866 in the same area of terminal #3 previously

3    searched by TFO Bertolozzi and "Cooper." TFO Bertolozzi had his certified narcotic canine, "Cooper"

4    conduct a systematic search of the area where numerous other items were located including the suspected

5    drug proceeds. At approximately 11:40 A.M., "Cooper" alerted to the odor of narcotics emanating from

6    the U.S.C. detained in DEA SSEE #EM000434866 by staring. This is an indication to TFO Bertolozzi

7    that the odor of narcotics was emanating from the U.S.C. detained during this investigation.

8         17.    That same day, at approximately 12:30 P.M., SA Michael Vo and TFO Andy Harper

9    transported the U.S.C. seized during this investigation sealed in SSEE #EM000434866 to the Bank of

10   America located at 400 El Camino Real, Burlingame, CA. However, Bank of America was closed and

11   SA Vo and TFO Harper returned DEA SSEE #EM0000434866 back to TF-2 and placed it in the TF-2

12   vault for overnight safekeeping. On August 18, 2020, SA Vo and TFO Blake Molyneux transferred DEA

13   SSEE #EM000434866 to Bank of America located at 555 Broadway, Millbrae, CA and the U.S.C. seized

14   from RIVERA during this investigation was subsequently converted into cashier's check #0811528546,

15   made payable to the U.S. Marshals Service in the amount of $96,000.00.

16        18.    Due to the totality of the circumstances, the $96,000.00 was seized from RIVERA by TFO

17   Daggett as possible proceeds of narcotic transactions or monies used in the furtherance of narcotic

18   trafficking under Title 21 United States Code § 881(a)(6). Through training and experience, the large

19   amount of U.S.C. involved, that it was coming to a known source area of narcotics, the strong odor

20   emanating from the suitcases and RIVERA himself, the manner in which the contents were packed inside

21   the suitcase, that RIVERA did not know the exact amount of U.S.C. while refusing to provide

22   information regarding it, his inconsistent stories of travel and employment, and the positive canine alert;

23   lead to probable cause that the U.S.C. seized during this investigation were possible proceeds from

24   narcotics transactions or monies used in the furtherance of narcotics trafficking.

25        19.    No arrests were made during the time of this investigation and the unidentified female

26   never returned to the baggage claim area.

27        20.    On August 18, 2020, TFO Daggett was contacted by Attorney Lorne E. Berkeley who

28   advised TFO Daggett that he will be representing RIVERA regarding this matter.

COMPLAINT FOR FORFEITURE

**VIOLATION**

The United States incorporates by reference the allegations in paragraphs one through 20 as though fully set forth.

Section 881(a)(6) of Title 21 of the United States Code, provides for the forfeiture of all money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 21 United States Code, all proceeds traceable to such an exchange and all money used or intended to be used to facilitate any violation of Subchapter I, Chapter 13 of Title 21, United States Code.

Section 981(a)(1)(A) of Title 18 of the United States Code, provide for the forfeiture of any property involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of Title 18, or any property traceable to such property.

In light of the foregoing, defendant $96,000.00 as specified above, is subject to judicial forfeiture.

* * * * *

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant $96,000.00; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment of forfeiture be entered; that the Court enter judgment forfeiting defendant $96,000.00; and that the United States be awarded such other relief as may be proper and just.

DATED: December 23, 2020                    Respectfully submitted,

                                            DAVID L. ANDERSON
                                            United States Attorney


                                            _____/s_____
                                            ROBERT DAVID REES
                                            Assistant United States Attorney

COMPLAINT FOR FORFEITURE

**VERIFICATION**

I, Ariana Daggett, state as follows:

1.      I am a Task Force Officer with the Drug Enforcement Administration.   I am the case agent assigned to this case.  As such, I am familiar with the facts, and the investigation  leading to the filing of this Complaint  for Forfeiture.

2.      I have read the Complaint  and believe the allegations  contained in it to be true.

*      *      *      *      *

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd day of December, 2020 in San Francisco, California.


_____/s_____
ARIANA DAGGETT
Task Force Officer
Drug Enforcement Administration

COMPLAINT FOR FORFEITURE

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Approximately $96,000.00 |

| **(b)** County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br><br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>            THE TRACT OF LAND INVOLVED. |
|---|---|
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>AUSA Robert D. Rees<br>450 Golden Gate Avenue, 9th Floor<br>San Francisco, CA 94102, 415-436-7210 | Attorneys *(If Known)* |

## II.   BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III.   CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.   NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of<br>   Overpayment Of<br>   Veteran's Benefits<br>151 Medicare Act<br>152 Recovery of Defaulted<br>   Student Loans (Excludes<br>   Veterans)<br>153 Recovery of<br>   Overpayment<br>   of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers'<br>   Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product<br>   Liability<br>360 Other Personal Injury<br>362 Personal Injury -Medical<br>   Malpractice | **PERSONAL INJURY**<br>365 Personal Injury – Product<br>   Liability<br>367 Health Care/<br>   Pharmaceutical Personal<br>   Injury Product Liability<br>368 Asbestos Personal Injury<br>   Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property<br>   Damage<br>385 Property Damage Product<br>   Liability | ☒ 625 Drug Related Seizure of<br>   Property 21 USC § 881<br>690 Other<br><br>**LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Management<br>   Relations<br>740 Railway Labor Act<br>751 Family and Medical<br>   Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement<br>   Income Security Act | 422 Appeal 28 USC § 158<br>423 Withdrawal 28 USC<br>   § 157<br><br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent—Abbreviated New<br>   Drug Application<br>840 Trademark<br><br>**SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | 375 False Claims Act<br>376 Qui Tam (31 USC<br>   § 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced &<br>   Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/<br>   Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/<br>   Accommodations<br>445 Amer. w/Disabilities–<br>   Employment<br>446 Amer. w/Disabilities–Other<br>448 Education | **PRISONER PETITIONS**<br>**HABEAS CORPUS**<br>463 Alien Detainee<br>510 Motions to Vacate<br>   Sentence<br>530 General<br>535 Death Penalty<br>**OTHER**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee–<br>   Conditions of<br>   Confinement | **IMMIGRATION**<br>462 Naturalization<br>   Application<br>465 Other Immigration<br>   Actions | **FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or<br>   Defendant)<br>871 IRS–Third Party 26 USC<br>   § 7609 | 893 Environmental Matters<br>895 Freedom of Information<br>   Act<br>896 Arbitration<br>899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>950 Constitutionality of State<br>   Statutes |

## V.   ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District *(specify)*

☐ 6  Multidistrict
       Litigation–Transfer

☐ 8  Multidistrict
       Litigation–Direct File

## VI.   CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21, United States Code, Section 881(a)(6)

Brief description of cause:
Drug Related Forfeiture

## VII.   REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☒ No

## VIII.   RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE

DOCKET NUMBER

## IX.   DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

**(Place an "X" in One Box Only)**     ☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE     ☐ EUREKA-MCKINLEYVILLE

DATE   12/23/2020     SIGNATURE OF ATTORNEY OF RECORD     /s/ Robert D. Rees

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

(1)   United States plaintiff. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

(2)   United States defendant. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

(3)   Federal question. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

(4)   Diversity of citizenship. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the six boxes.

(1)   Original Proceedings. Cases originating in the United States district courts.

(2)   Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

(3)   Remanded from Appellate Court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4)   Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5)   Transferred from Another District. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

(6)   Multidistrict Litigation Transfer. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

(8)   Multidistrict Litigation Direct File. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

Please note that there is no Origin Code 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**IX.   Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.